#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

VINCENT DEWAYNE GAYLORD,

    Plaintiff,

    v.

STATE OF KANSAS,

    Defendant.

Case No. 23-4018-KHV-RES

### REPORT AND RECOMMENDATION

Because Plaintiff proceeds in forma pauperis ("IFP"), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Magistrate Judge recommends that the District Judge dismiss Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's complaint does not state a claim upon which relief may be granted and because at least some of Plaintiff's claims are barred by Eleventh Amendment immunity.

**I.    BACKGROUND**

Plaintiff filed this case on March 16, 2023, naming the State of Kansas as the only Defendant. ECF No. 1. In his initial filing, Plaintiff filed: this District's form complaint for pro se litigants, *id.*; 12 pages of exhibits, ECF No. 1-1; and a second form complaint for pro se litigants for employment discrimination claims, ECF No. 1-2. Although Plaintiff should not have filed two separate form complaints and a series of exhibits that are not directly discussed in or incorporated by either complaint, because this is a pro se Plaintiff, the Court construes and refers collectively to these three documents as "the complaint." The first-filed complaint describes Plaintiff's claims as follows:

> I have been wrongfully identified by the State of Kansas. The police department have been slandering me. The discrimination continues on and on. I have been treated as though I am a criminal and I am not. They have slandered my name. I have been called [a derogatory term and racial slurs] and defamation of character. All this is for me to do something to someone. I am not that kind of person because not all white people are behind the type of action.

ECF No. 1 at 3-4. The complaint states that Plaintiff seeks two million dollars in damages and references his prior lawsuit in this District, *Gaylord v. U.S. Department of the Army*, No. 20-4058-HLT-ADM, explaining that he "had to file a suit against the US Gov for this action and to get the retirement I so well deserve[.]" ECF No. 1 at 5.[1]

Attached as an exhibit to the complaint is his second complaint—specifically, the District's form complaint for pro se employment discrimination claims. *See* ECF No. 1-2 at 1. Plaintiff has checked a box on that complaint indicating that he asserts a claim under Title VII of the Civil Rights Act of 1964, and he alleges discrimination based on race. *Id.* at 1, 3. As to the facts giving rise to the claim, the employment complaint states:

> I want punitive damages in the amount of 2 million dollars because my name was slandered (defamation of character) and false accusation which stopped me from becoming a teacher that I wanted to be. The lies that I am a pedophile and that I am [a derogatory term]. This has caused me to not have a relationship and other life. The people here in Kansas has treated me as if I am a criminal and I am not. They put this in the eyes of the American people.

---

[1] Because some of the filings in this case refer to Plaintiff's prior case, the Court summarizes that case briefly. On September 29, 2020, Plaintiff filed a complaint naming the U.S. Department of the Army ("the Army"), asserting employment discrimination claims and seeking a review of the Army's decision to deny him combat-related special compensation ("CRSC") and retirement pay. *Gaylord*, 20-4058-HLT-ADM, ECF No. 10. The Court dismissed Plaintiff's employment discrimination claims, finding that Title VII, the Americans with Disabilities Act and the Rehabilitation Act do not provide a private remedy for military personnel, and Plaintiff had alleged he was a uniformed armed service member. *Id.,* ECF No. 10 (recommending dismissal); *id.,* ECF No. 16 (overruling Plaintiff's objections and adopting the Report and Recommendations). The Court subsequently transferred the remainder of the case to the U.S. Court of Federal Claims pursuant to the Tucker Act. ECF No. 34.

ECF No. 1-2 at 4.

Plaintiff has attached additional exhibits to his complaint including:

- a photograph of a man in military uniform with the words, "Black Lives Matter," "[t]his is all about that I got army retirement due to discrimination," and other verbiage written beneath the photo;

- an article from the *Military Times*;

- an investigative request Plaintiff made to the Kansas Attorney General's Office alleging that Topeka police officers have surveilled his home and that he reported the discrimination and harassment to both the Topeka Police Department and "Forbes Air Base" (now known as the Topeka Regional Airport);

- a supplemental investigative request made to the Kansas Attorney General's Office explaining that Plaintiff believes that someone on the air base is flying airplanes over his home and sending signals that are death threats;

- a document signed by Plaintiff stating that the "Kansas Attorney General is not doing anything about this" and making additional allegations against the current Attorney General;

- another document that appears to be written by Plaintiff directed at an unnamed agency that repeats the same allegations of discrimination and harassment;

- a 2020 receipt from Office Max for a fax sent;

- a printout from the Kansas Attorney General's Office's Consumer Protection Division; and

- a document captioning the case and reiterating that Plaintiff seeks two million dollars in punitive damages for defamation, discrimination, "false accusations and invading privacy." ECF No. 1-1.

Plaintiff subsequently filed four "supplements" to the complaints throughout the month of March. ECF Nos. 6, 7, 9, and 10.[2] These include a 12-page document that appears to be a form

---

[2] Federal Rule of Civil Procedure 7(a) defines pleadings allowed in federal court. That section does not recognize subsequently filed "supplements" as proper pleadings. That said, the Court has reviewed the supplements in conjunction with this Report and Recommendation. Nothing contained in the supplements alters the Court's conclusion that this case is subject to dismissal for the reasons discussed below.

3

directed to the Kansas Governor's Office containing allegations that law enforcement officers are tracking Plaintiff's phone, threatening a lawsuit against the State of Kansas "because of this action," and detailing alleged harassment at Forbes Air Base in that an airplane allegedly flew over his home at a low altitude.  ECF No. 6 at 1-3.  It also contains a request directed at the Army Board for Correction of Military Records pertaining to his discharge from service and denial of benefits.  *Id.* at 4-8.  Two other supplements are photographs of what Plaintiff characterizes as death threats by a flying aircraft.  ECF Nos. 7, 9.  The last-filed supplement is a letter from the Kansas Attorney General, noting receipt of Plaintiff's complaint regarding Forbes Air Base and the Topeka Police Department and informing Plaintiff that the facts described do not fall under the jurisdiction of the Kansas Consumer Protection Act.  ECF No. 10 at 1.

**II.   LEGAL STANDARD**

Because Plaintiff proceeds IFP, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute authorizes the Court to dismiss a case at any stage if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (screening applies to all litigants proceeding IFP).  The screening process "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

In screening the complaint to determine whether it states a claim, the Court applies the same standard it applies to Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *Kay v. Bemis*, 500 F.3d

1214, 1217 (10th Cir. 2007).  A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 667 (quoting *Twombly*, 550 U.S. at 556).  In applying this standard, the Court need not accept as true legal conclusions couched as factual allegations.  *Id.*  Although the plausibility standard does not require detailed factual allegations, it requires more than simply pleading "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.

Because Plaintiff proceeds pro se, the Court liberally construes his complaint.  *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).  But in doing so, the Court does not "assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Rather, Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

### III. DISCUSSION

Other than checking a box on the form complaint indicating that Plaintiff is asserting a Title VII claim, the remainder of the complaint does not enumerate specific causes of action.  Nevertheless, the Court construes the complaint as also attempting to assert claims against the

5

State of Kansas for defamation and invasion of privacy. *See, e.g.,* ECF No. 1 at 3 ("The police department have been slandering me."); *see also* ECF No. 1-1 at 12 (referencing invasion of privacy). Plaintiff also checked the box on the form complaint indicating that the case arises because of a violation of civil or equal rights, privileges, or immunities under 28 U.S.C. § 1343, which the Court construes to mean that Plaintiff may be attempting to assert civil rights claims. *See* ECF No. 1 at 3. The complaint additionally references "discrimination," which the Court construes as pertaining to Plaintiff's Title VII claim and/or tying in with Plaintiff's allegations of defamation. *See, e.g., id.* at 3 ("The police department have been slandering me. The discrimination continues on and on.").

As explained in further detail below, the complaint fails to state a claim upon which relief may be granted, and at least some of Plaintiff's claims are subject to dismissal because the complaint seeks monetary relief from the State of Kansas, which is immune from such relief under the Eleventh Amendment. The Court first addresses the issue of immunity before turning to the claims themselves.

### A.    Eleventh Amendment Immunity

Under 28 U.S.C. § 1915(e)(2)(B)(iii), the Court is authorized to dismiss an IFP litigant's claim if it "seeks monetary relief against a defendant who is immune from such relief." Here, Plaintiff has named the State of Kansas as the sole Defendant, which implicates Eleventh Amendment immunity. "Per the Eleventh Amendment, states may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019) (internal quotations omitted); *Hobbs v. Kansas Dep't for Child. & Fams.*, No. CV 19-1307-KHV, 2021 WL 325839, at *3 (D. Kan. Feb. 1, 2021) ("Unless the state

6

has waived its sovereign immunity or Congress has abrogated the state's immunity by statute, the Eleventh Amendment bars claims for injunctive and monetary relief brought against [states and] state agencies.")

Although the contours of Plaintiff's claims are not entirely clear, he seeks monetary damages in the amount of two million dollars against the State of Kansas. He does not, however, point to any authority suggesting that the State of Kansas has waived its immunity or that Congress has abrogated the State's immunity by statute. ECF No. 1 at 4. With the exception of Plaintiff's attempted Title VII claim, all other claims against the State of Kansas that the Court can discern are subject to dismissal under § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief against a Defendant that is immune from such relief.[3]

### B.  Failure to State a Claim

The complaint is largely void of any factual allegations concerning Defendant the State of Kansas. Plaintiff alleges that he has "been wrongly identified by the State of Kansas," but then he goes on to describe alleged wrongful conduct by "the police department." ECF No. 1 at 3. He has attached to his complaint an investigative request made to the Kansas Attorney General's Office, but that document references alleged harassment by the Topeka Police Department—a subunit of

---

[3] *See generally Jones v. Off. of Admin. Hearings*, 757 F. App'x 692, 696-97 (10th Cir. 2018) (affirming the district court's finding that claims against a state agency and an administrative law judge sued in her official capacity were subject to dismissal under § 1915(e)(2)(B)(iii) because the defendants were entitled to Eleventh Amendment immunity); *Crumpacker v. Kansas Dep't of Hum. Res.*, 338 F.3d 1163, 1169 (10th Cir. 2003) ("In *Fitzpatrick v. Bitzer*, the Supreme Court held that Congress, by amending Title VII in 1972 to include state and local governments as 'employers,' expressed a clear intention to abrogate the states' Eleventh Amendment immunity."); *Hobbs*, 2021 WL 325839 at *3-4 (citing *Ellis*, 163 F.3d at 1196 (explaining that Eleventh Amendment barred claims against Kansas and its state agencies under 42 U.S.C. §§ 1981, 1983 and 1985)); *Loggins v. Norwood*, No. 18-3016-DDC-KGG, 2020 WL 224544, at *7 (D. Kan. Jan. 15, 2020) (finding that the Eleventh Amendment barred a slander/defamation claim against state officials in their official capacity), *aff'd*, 854 F. App'x 954 (10th Cir. 2021).

the city of Topeka itself—and unspecified individuals associated with Forbes Air Base (now known as the Topeka Regional Airport). ECF No. 1-1 at 4. *See generally Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921-DDC-KGS, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016) (discussing that a municipal police department is not a legal entity subject to suit because it is a subunit of city government); *Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232, 1240 (10th Cir. 2022) (discussing what entities are and are not arms of the state and noting that while Eleventh Amendment immunity extends to states and state entities, it does not to counties, municipalities, or other local governmental entities). The complaint contains only generalized allegations of wrongful conduct by unspecified individuals without any explanation for why these actions are attributable to the State of Kansas.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As explained above, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. In this case, and as described in additional detail below, the complaint lacks allegations that the individuals involved with the alleged conduct are state actors or that there is any nexus between them and the State of Kansas. By not alleging specific factual content pertaining to Defendant, Plaintiff has not stated any cognizable claim as to this sole Defendant. The Court addresses the specific claims it construes that Plaintiff is attempting to bring below.

    **1.**    **Defamation Claim**

The complaint references defamation, slander, and libel. Under Kansas law, "[a]n action for defamation includes libel and slander." *Woods v. Ross*, No. 21-2011-DDC-TJJ, 2021 WL 3077236, at *13 n.9 (D. Kan. July 21, 2021) (internal citations omitted). Defamation claims must

plead facts sufficient to satisfy three elements: "(1) [defendant] uttered or wrote false and defamatory words; (2) [defendant] communicated these statements to a third person; and (3) plaintiff's reputation was injured as a result." *Id.* at *13 (citing *Dominguez v. Davidson*, 974 P.2d 112, 117 (Kan. 1999)). Federal Rule of Civil Procedure 8(a) governs pleading requirements for defamation claims. *Delcavo v. Tour Res. Consultants, LLC*, No. 21-2137-JWL, 2021 WL 5867215, at *1 (D. Kan. Dec. 10, 2021). Although defamation claims are not subject to a heightened pleading standard, "Rule 8(a) 'requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself.'" *Id.* (quoting *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989).

The complaint does not plausibly allege that Defendant wrote or uttered false and defamatory words,[4] communicated these statements to a third person, or that Plaintiff's reputation was injured as a result. Specifically, the statements Plaintiff references are not attributed to Defendant. Instead, the complaint alleges: "I have been called [racial slurs and a derogatory name] and defamation of character." ECF No. 1 at 4. The complaint further alleges:

> I want punitive damages in the amount of 2 million dollars because my name was slandered (defamation of character) and false accusation which stopped me from becoming a teacher that I wanted to be. The lies that I am a pedophile and that I am [a derogatory term]. This has caused me to not have a relationship and other life.

ECF No. 1-2 at 4. These generalized statements are not sufficient to show that Defendant—the State of Kansas—uttered or wrote false and defamatory words. At most, Defendant appears to allege that these statements were made by unspecified police officers "several times." ECF No.

---

[4] The Court does not address whether any alleged statements themselves are actionable because they could constitute false and defamatory words given the other deficiencies with this claim.

9

1-1 at 4. But Plaintiff does not specify who uttered these words or why any purported statements by a municipal police officer is attributable to the State of Kansas.

In his filed exhibits, Plaintiff also references an investigative request he made with regard to the "National Guard Air Base." *See, e.g.,* ECF No. 1-1 at 7. Plaintiff states that "[t]his has to be coming from the base," *id.*, but it is unclear whether he intends to allege that any such actions by the air base constitute defamation. Plaintiff does not specify anyone connected with the air base as uttering or writing any defamatory words or why such words would be attributable to the State of Kansas. Instead, he only alleges that planes are flying over his home and these actions constitute racism. *See, e.g.,* ECF No. 1-1 at 8 ("The air craft is flying over my house sending x signals that are death threats. This is systematic racism."). Again, however, he does not tie planes to the State of Kansas and he fails to plead that any such actions constitute written or uttered defamatory words, which merits dismissal of these allegations.

The complaint also fails to plausibly allege facts supporting the second element—that Defendant communicated false and defamatory words to a third person in that the complaint does not identify to whom any alleged statements were made or any other details about the alleged communication. *See Woods*, 2021 WL 3077236, at *13 (citing case law explaining that pleading a defamation claim generally requires the complaint to identify to whom the alleged disparaging remarks were made, as well as the time and place of the statements). Along the same lines, the complaint does not plausibly allege facts supporting the third element—that Plaintiff's reputation was damaged because of the statements—given the lack of clarity regarding to whom the statements were made and how the statements themselves damaged Plaintiff's reputation. In sum, the complaint does not plausibly allege a defamation claim.

### 2. Invasion of Privacy

Although false-light invasion of privacy[5] and defamation are two distinct torts, the elements are similar. *See Dominguez*, 974 P.2d at 121. They include: (1) publication to a third party, (2) false representation of the person; and (3) a representation which is highly offensive to a reasonable person. *Williams v. McKamie*, No. CIV.A. 04-2516-KHV, 2005 WL 1397381, at *2 (D. Kan. June 13, 2005).

The complaint fails to plausibly allege at least the first element of this claim because, as explained above, Plaintiff has not pleaded facts that show that Defendant published a representation to a third party. Because the claim is subject to dismissal on this basis, the Court does not address the other deficiencies.

### 3. Title VII

"Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)). "To set forth a prima facie case of discrimination, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Id.*

---

[5] Plaintiff's complaint simply references invasion of privacy generally, stating: "Grant 2 million dollars for punitive damages and defamation of character. Also discrimination. False accusations and invading privacy." ECF No. 1-1 at 12. As an initial matter, it is not entirely clear that Plaintiff is attempting to assert an invasion-of-privacy claim. But to the extent he is, he has not specified which of the multiple types of invasions of privacy claims he is attempting to assert. *See Dominguez*, 974 P.2d at 121 (noting that there are four types of invasion-of-privacy claims and discussing false light). The Court construes the complaint as attempting to assert a claim for invasion of privacy by false light.

11

In attempting to construe Plaintiff's employment discrimination claims, it appears that Plaintiff is alleging that he has been unable to obtain an unspecified new job because of Defendant's purported statements. *See* ECF No. 1-2 at 1-2 ("I can't get a job. . . . I came home from the service wanting to teach children and become a teacher but because of the slandering I cannot do that.").[6] Plaintiff does not allege that he had or was seeking an employment relationship with Defendant when any adverse employment action occurred. Because Plaintiff has not pleaded any employment relationship with Defendant, he has not plausibly alleged a Title VII claim. *See generally Schroeder v. Wichita Police Dep't*, No. 20-1216-DDC-GEB, 2021 WL 678136, at *9 (D. Kan. Feb. 22, 2021) (dismissing a Title VII claim because the complaint "simply alleges nothing about plaintiff ever having entered or sought an employment relationship with any defendant"); *see also Mallory v. Rocky Mountain Hum. Serv. SSVFT*, No. 22-1141, 2022 WL 3754839, at *1 (10th Cir. Aug. 30, 2022) (affirming the dismissal of a Title VII claim when plaintiff had pleaded and later admitted that there was no employer-employee relationship between plaintiff and defendant). Because of the omission, the complaint does not plausibly allege a Title VII claim.

---

[6] While the complaint alleges his desire to be a teacher, he has also attached as an exhibit to the complaint an article from the *Military Times*, on which Plaintiff has written "racial discrimination during combat training[.] My evaluation reports show combat training." ECF No. 1-1 at 2. To the extent Plaintiff references his prior suit against the U.S. Army and the alleged discrimination Plaintiff experienced while enlisted, the court previously dismissed that claim. *Gaylord v. U.S. Dep't of the Army*, No. 5:20-CV-4058-HLT-ADM, 2021 WL 6750629, at *2 (D. Kan. Jan. 7, 2021) ("Liberally construed, the complaint asserts claims for unlawful employment discrimination based on race and disability and a claim for review of the Army's decision to deny benefits. However, the complaint fails to state a claim for employment discrimination because uniformed members of the armed services are barred from asserting claims under Title VII, the ADA, and the Rehabilitation Act."). Regardless, even under the most liberal reading of the complaint, it does not allege or even suggest that any employment relationship between Plaintiff and Defendant.

Additionally, Plaintiff does not plead sufficient facts to establish any of the other elements of a Title VII claim either. Plaintiff's failure to allege any facts that could support these elements again means that the complaint does not plausibly allege a Title VII claim.

### 4.  Civil Rights Claims

Plaintiff also checked the box on the form complaint for pro se litigants indicating this case arises because of a violation of civil or equal rights, privileges, or immunities pursuant to 28 U.S.C. § 1343. ECF No. 1 at 3. "Section 1343 grants federal district courts jurisdiction to hear civil rights cases, but this statute does not specifically provide a cause of action." *Smith v. G & W Foods*, No. 20-CV-2517-JAR-TJJ, 2021 WL 1546222, at *4 (D. Kan. Apr. 20, 2021). Rather, it is a jurisdictional statute listing categories of actions that may be brought in federal court, but the plaintiff must "still allege facts to support a cognizable cause of action under one of these categories." *Id.*

"Section 1343 is limited to cases involving state action, which means deprivation of right by a state officer under the authority or pretended authority of state law." *Robles v. State Farm Ins.*, 509 F. App'x 748, 750 (10th Cir. 2013) (quoting *Monks v. Hetherington,* 573 F.2d 1164, 1167 (10th Cir.1978)). The complaint does not specify which, if any, category of claims under § 1343 Plaintiff is attempting to assert. Other than simply checking the box on the form complaint, the complaint does not explain how Plaintiff's civil rights were violated or what protected right Defendant allegedly violated. Rather, the complaint contains a narrative statement with largely boilerplate allegations of improper conduct including slander by a police department, discrimination, being treated as a criminal, and name-calling. ECF No. 1 at 3-4.

Although the Court must liberally construe Plaintiff's complaint, it is not the Court's role to supply additional factual allegations to round out a plaintiff's complaint or construct a legal

13

theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). In this case, the Court cannot discern any cognizable civil rights claim against the State of Kansas based on the limited factual allegations in the complaint. *See also Haywood v. Kansas*, No. 21-CV-2329-JWB-TJJ, 2022 WL 2116306, at *2 (D. Kan. June 13, 2022) (recommending dismissal of a complaint when the plaintiff checked a box indicating that the case arose under § 1343 but without alleging facts supporting the jurisdictional allegation, noting that the "complaint does not allege how her civil rights were violated, nor does it articulate what protected right Defendants allegedly violated").  For these reasons, the Court finds that the complaint does not plausibly allege any civil rights claim.

## IV.   CONCLUSION

For the reasons explained above, the Magistrate Judge recommends that the District Judge dismiss Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's complaint does not state a claim upon which relief may be granted and because at least some of Plaintiff's claims are barred by Eleventh Amendment immunity.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy.  If Plaintiff fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated: April 12, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge